[Tagged Opinion]



**ORDERED in the Southern District of Florida on September 25, 2012.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                            Case No. 11-26030-EPK
                                                                  CHAPTER 13
Chris Lionel Duhaime and
Amie Linn Duhaime,

    Debtors.
_____/
Kenneth Mack Bordeaux,

    Plaintiff,

v.                                                                Adv. No. 11-02567-EPK

Amie Linn Duhaime,

    Defendant.
_____/

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court upon the *Plaintiff's Motion for Summary*

1

*Judgment* [ECF No. 38] (the "Plaintiff's Motion") filed by Kenneth Mack Bordeaux (the "Plaintiff") and *Defendant's Cross-Motion for Summary Judgment* [ECF No. 54] (the "Defendant's Motion") filed by Amie Linn Duhaime (the "Defendant").

On September 22, 2011, the Plaintiff filed his *Complaint Objecting to Dischargeability of Debt* (the "Complaint"), initiating the above-captioned adversary proceeding. The Plaintiff seeks a determination that a debt owed by the Defendant to the Plaintiff, evidenced by a state court judgment, is nondischargeable pursuant to § 523(a)(4).[1]

**Undisputed Facts**

Plaintiff was the owner of a certain parcel of vacant land located in Oakland Park, Florida (the "Property"). In 1997, the Plaintiff and the City of Oakland Park engaged in a dispute concerning alleged code violations pertaining to the Plaintiff's residence. The Plaintiff and his wife, who is the Defendant's aunt, "deemed it prudent" to transfer the Property to the Defendant pending the outcome of the Plaintiff's dispute with the City of Oakland Park.

On June 17, 1998, at the Plaintiff's request, the Defendant agreed to take legal title to the Property. The deed conveying the Property was duly recorded.

In October 2006, the Defendant contracted to sell the Property to a third party. The sale of the Property closed on December 18, 2006.

On February 14, 2007, the Plaintiff commenced an action against the Defendant in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court") styled *Kenneth Mack Bordeaux vs. Amie Duhaime*, case number

---

[1] The term "section" and the symbol "§" refer to a section or sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

07003378CACE02 (the "State Court Action"). In the State Court Action, the Plaintiff asserted counts for resulting trust, constructive trust, and conversion. The Plaintiff argued that the Defendant wrongfully transferred the Property.

On June 3, 2008, the State Court entered its final judgment in favor of the Plaintiff in the principal amount of $76,706.50 (the "Final Damages Judgment"). In the Final Damages Judgment, the State Court determined that the Plaintiff was entitled to prevail on all three counts of the State Court complaint.[2] On July 24, 2008, the State Court entered a second final judgment (the "Final Costs Judgment" and, together with the Final Damages Judgment, the "Final Judgments") in favor of the Plaintiff awarding taxable costs in the amount of $2,555.890 plus post-judgment interest at 11% per annum. The Defendant has made no payments in reduction of the Final Judgments.

**Arguments Presented**

The Plaintiff argues that collateral estoppel applies to the Final Damages Judgment and seeks summary judgment on his claim of embezzlement under § 523(a)(4). The Defendant briefly addresses the Plaintiff's claims of embezzlement and larceny under § 523(a)(4) but focuses on the Plaintiff's claim that the Defendant committed fraud or defalcation while acting in a fiduciary capacity under of § 523(a)(4). The Defendant argues that the Complaint does not allege, and the Plaintiff can cite no evidence to support, the kind of fiduciary relationship necessary to support a claim of fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4).

---

[2] It is unclear how the Plaintiff could obtain relief under both the theory of resulting trust and the theory of constructive trust based on the facts presented here. The State Court provided no guidance on this matter.

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

At the summary judgment stage, the Court will not weigh the evidence or find facts; rather, the Court determines only whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

**Collateral Estoppel**

Collateral estoppel principles apply in discharge exception proceedings under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). "A bankruptcy court may rely on collateral estoppel to reach conclusions about certain facts, foreclose relitigation of those facts, and then consider those facts as 'evidence of nondischargeability.'" *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008) (citation omitted). "Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993).

When a Florida state court judgment is at issue, this Court applies the collateral estoppel law of Florida. *In re St. Laurent*, 991 F.2d at 676. Under Florida law, for a judgment to have preclusive effect four elements must be satisfied: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the present case. *Id.*

**Analysis**

Section 523(a)(4) provides that a discharge under § 727 does not discharge an individual from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The Defendant argues that there is no evidence to support a claim of larceny under §

5

523(a)(4). Larceny is not defined in the Bankruptcy Code. For the elements of larceny, the Court looks to federal common law. *Bryant v. Lynch (In re Lynch)*, 315 B.R. 173, 179 (Bankr. D. Colo. 2004) (citations omitted). To demonstrate a claim of larceny under § 523(a)(4), the Plaintiff must prove that the debt at issue arose from the "fraudulent taking and carrying away of property of another with intent to convert such property to his use without consent of another." *McCulloch v Smith (In re Smith)*, 381 B.R. 398 (Bank. M.D. Fla. 2007) (quotation omitted). Larceny is sometimes described as a "felonious taking of another's personal property with the intent to convert it or deprive the owner of the same." *Weinreich v. Langworthy (In re Langworthy)*, 121 B.R. 903, 907 (Bank. M.D. Fla. 1990) (*citing Black's Law Dictionary*, 5th Ed.). Here, the evidence demonstrates that the Defendant did not obtain the Property fraudulently or feloniously consistent with a claim of larceny. Rather, the Plaintiff voluntarily transferred the Property to the Defendant. Summary judgment in favor of the Defendant is appropriate on the Plaintiff's claim of larceny under § 523(a)(4).

To be acting in a fiduciary capacity within the meaning of § 523(a)(4), the relationship must arise as a result of a technical trust and not one that the law implies from a contract. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934). Only voluntary, express trusts created by contract or statute fall within the scope of the fiduciary capacity provision of § 523(a)(4). "An express or technical trust exists when 'there is a segregated trust res, an identifiable beneficiary, and affirmative trust duties established by contract or by statute.'" *Synod of South Atlantic Presbyterian Church v. Magpusao (In re Magpusao)*, 265 B.R. 492, 497 (Bankr. M.D. Fla. 2001) (quotation omitted). Resulting and constructive trusts, both created by operation of law, are excepted from the scope of fiduciary capacity claims under § 523(a)(4). *Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d

813, 816 (11th Cir. 2006). In this case the Plaintiff's fiduciary based claims rely solely on the State Court's ruling that the parties were subject to a fiduciary relationship in the form of a constructive or resulting trust. The Complaint contains no independent allegations that the Plaintiff and Defendant were involved in a technical trust necessary to form the basis of a claim under § 523(a)(4). Thus, the Defendant is entitled to summary judgment on the Plaintiff's claims of fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4).[3]

The Plaintiff argues that he is entitled to summary judgment on his claim of embezzlement under § 523(a)(4). Embezzlement is the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Moore v. United States*, 160 U.S. 268, 269-70 (1895). Proof of a fiduciary relationship is not required to prevail on an embezzlement claim under § 523(a)(4); however, the creditor must show evidence of fraud or fraudulent intent. *Synod of South Atlantic Presbyterian Church v. Magpusao (In re Magpusao)*, 265 B.R. 492, 497 (Bankr. M.D. Fla. 2001).

The Plaintiff argues that the State Court's finding in the Final Damages Judgment that the Defendant converted the Plaintiff's property should be given collateral estoppel effect and supports a finding of embezzlement under § 523(a)(4) in this case.

As noted above, because the State Court is a Florida court this Court applies the

---

[3] In fact, the Plaintiff failed to address the component of the Defendant's Motion requesting summary judgment on the Plaintiff's fiduciary related claims under § 523(a)(4). By way of response, the Plaintiff merely incorporated the Plaintiff's Motion. The Plaintiff's Motion presented arguments relating only to the Plaintiff's embezzlement claim under § 523(a)(4) and collateral estoppel. Thus, the Plaintiff presented no argument in response to the Defendant's request for summary judgment on the Plaintiff's claims of fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4). Because the Plaintiff did not present evidence tending to show that there was a dispute of material fact on this issue, the Plaintiff's failure to respond would also support summary judgment in favor of the Defendant.

7

collateral estoppel law of Florida.  Under Florida law the Plaintiff must show that: (1) the issue at stake was identical to the one decided in the prior litigation; (2) the issue was actually litigated in the prior proceeding; (3) the prior determination of the issue was a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action was at least as stringent as the standard of proof in the present case.

Under Florida law a conversion claim must be proven by a preponderance of the evidence.  *Small Bus. Admin. v. Echevarria*, 864 F. Supp. 1254, 1265 (S.D. Fla. 1994).  The standard of proof in all dischargeability proceedings under § 523(a) is the "ordinary preponderance-of-the-evidence standard." *Grogan v. Garner*, 498 U.S. 279, 291 (1991).  Thus, the evidentiary burden for conversion is at least as stringent as the standard of proof in this § 524(a)(4) action.  This satisfies the fourth requirement of the Florida test for collateral estoppel.

It is undisputed that the Defendant participated throughout the State Court Action that resulted in the Final Judgments.  As such, the claims presented in the State Court Action were actually litigated in the State Court.  This satisfies the second prong of the Florida test for collateral estoppel.

An issue in a dischargeability action is sufficiently "identical" to an issue in a state proceeding if the elements of the issue in the state proceeding "closely mirror" the requirements for proof in the bankruptcy action. *In re St. Laurent*, 991 F.2d at 676.

Under Florida law, conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (*citing Thomas v. Hertz Corp.,* 890 So. 2d 448, 449 (Fla. 3d DCA 2004)).  This tort "may occur where a person wrongfully refuses to

relinquish property to which another has the right of possession," and it "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action." *Id.* (*citing Seymour v. Adams,* 638 So. 2d 1044, 1047 (Fla. 5th DCA 1994)).  One may prove conversion under Florida law without showing specific intent to deprive another of property. *City of Cars, Inc. v. Simms*, 526 So. 2d 119, 120 (Fla. 5th DCA 1988) ("Any act of a person in asserting a right of dominion over a chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession to which the owner is entitled may constitute a conversion, whether the act is accomplished with, or without, any specific wrongful mental intent."); *Ciamar Marcy, Inc. v. Monteiro Da Costa*, 508 So. 2d 1282, 1283-84 (Fla. 3d DCA 1987) ("[T]he tort [of conversion] may be established upon a showing of the taking by the defendant of personal property belonging to the plaintiff upon a mistaken belief as to the legal right of the defendant to the converted property.").

The Final Damages Judgment provides:

> THIS CAUSE was tried before me on Thursday and Friday, May 15 and May 16, 2008, and the court, having heard testimony of the parties and witnesses, argument of counsel and, otherwise being advised in the premises, makes the following legal and factual findings, to wit:
>
> 1. That the conveyance of the real property involved in this action from Plaintiff to Defendant, his niece, by quitclaim deed on June 12, 1998 (recorded at Official Records Book 28412, Page 303, of the Public Records of Broward County, Florida) established a constructive trust and/or resulting trust relationship between the parties under which Defendant agreed or was obligated to return the property to Plaintiff upon the earlier of Plaintiff's request or the occurrence of a specified event, to wit, Plaintiff's settlement of a dispute that Plaintiff was engaged in with the City of Oakland Park, Florida.
>
> 2. That, notwithstanding Plaintiff's requests, and Plaintiff's resolution of Plaintiff's dispute with the City in September 2006, the Defendant, in October 2006, unbeknownst to Plaintiff, contracted to sell and then on December 18, 2006 proceeded to close on the sale of the property to a

third party for $67,900, thereby converting Plaintiff's property for Defendant's personal benefit in violation of the trust established.

In light of the foregoing, the Court further finds that Plaintiff is entitled to prevail on all three Counts of the Complaint, to wit: Count I (Resulting Trust), Count II (Constructive Trust) and Count III (Conversion) and therefore ORDERS AND ADJUDGES AS FOLLOWS:

1. That Plaintiff, KENNETH MACK BORDEAUX, whose address is 4140 N.W. 18th Avenue, Fort Lauderdale, FL 33309, shall recover from Defendant, AMIE DUHAIME, whose address is 14157 Key Lime Blvd., Loxahatchee, FL 33470, money damages in the principal amount of $67,900 plus prejudgment interest at the rate of 9% per annum from and after December 18, 2006 through the date of this judgment amounting to $8,806.50 of prejudgment interest, for a total of $76,706.50 that shall bear interest at the rate of 11% per annum, for which let execution issue.

2. That the Court reserves jurisdiction to award Plaintiff's legally recoverable costs upon proper motion.

In order to establish embezzlement under § 523(a)(4), the Plaintiff must show evidence of fraud or fraudulent intent. *Synod of South Atlantic Presbyterian Church v. Magpusao (In re Magpusao)*, 265 B.R. 492, 497 (Bankr. M.D. Fla. 2001). The Final Damages Judgment does not establish that Defendant acted with fraud or fraudulent intent. For example, the first paragraph of findings states that Defendant "agreed or was obligated to return" the Property to Plaintiff. The second paragraph of findings states that "notwithstanding Plaintiff's requests" the Defendant sold the Property "thereby converting Plaintiff's property for Defendant's personal benefit in violation of the trust established." Nowhere in the Final Damages Judgment does the State Court make a finding regarding the Defendant's intent. Because intent is not a necessary element of conversion under Florida law and is not addressed in the State Court Judgment, but is required for a claim of embezzlement pursuant to § 523(a)(4), the claim for conversion in State Court is not sufficiently similar to the embezzlement claim to satisfy the first prong of the test for collateral estoppel. For the same reasons, the Defendant's intent was not a critical and

necessary component of the Final Damages Judgment.

In light of the foregoing, the Final Damages Judgment, alone, does not support a ruling in favor of the Plaintiff under § 523(a)(4). The Plaintiff is not entitled to summary judgment on his claim under § 523(a)(4).

Accordingly, it is ORDERED AND ADJUDGED that:

1. The *Defendant's Cross-Motion for Summary Judgment* [ECF No. 54] is GRANTED IN PART. Summary judgment is granted in favor of the Defendant and against Plaintiff on the portions of the Complaint alleging (1) fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4) and (2) larceny under 11 U.S.C. § 523(a)(4). Summary judgment is denied to the extent the Defendant requests summary judgment on the portion of the Complaint alleging embezzlement under 11 U.S.C. § 523(a)(4).

2. The *Plaintiff's Motion for Summary Judgment* [ECF No. 38] is DENIED.

3. The parties will proceed to trial on the claim of embezzlement under § 523(a)(4).

###

Copies Furnished To:

Steven H Friedman, Esq

*Steven H Friedman, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and to file a certificate of service with the court.*